*Original*

**FILED**

MAY - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

<u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

Name _Martin_ _Dean_
　　　　(Last)　　　　　　　(First)　　　　　　　(Initial)

Prisoner Number _F 49697_

Institutional Address _San Quentin State Prison_
_San, Quentin, CA. 94974_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_Dean Martin_　　　　　　　_C-08-2280-CW_
Full Name of Petitioner　　　　　Case No.(To be provided by the
　　　　　　　　　　　　　　　　clerk of court)

vs.

_Robert L. Ayers Jr._　　PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailer)

───────────────────────────────────────

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

　　You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

　　If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

_Parole Revocation_

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

_Board OF Parole Hearings_                     _San Quentin State Prison_
Court                                                        Location

(b)    Case number, if known _____
(c)    Date and terms of sentence _____
(d)    Are you now in custody serving this term? (Custody means being in jail, on (parole) or probation, etc.) (Yes)    No

Where? _San Quentin State Prison_ _____
(Name of Institution)                          (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_Parole Revocation_ _____

_____

_____

3.    Did you have any of the following?

Arraignment: Yes __ No __  Preliminary Hearing: Yes X No __ Motion to Suppress: Yes __ No __

3

4.    How did you plead?

Guilty _____    Not Guilty __X__    Nolo Contendere _____

Any other plea (specify) _____

5    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?   Yes __   No __

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes __         No __
(b)    Preliminary hearing        (Yes)         No __
(c)    Time of plea   Yes __       No __
(d)    Trial   Yes __        No __
(e)    Sentencing   Yes __         No __
(f)    Appeal        Yes __         No
(g)    Other post-conviction proceeding   Yes __         No __

8.    Did you appeal your conviction?   Yes __   No __

(a)    If you did, to what court(s) did you appeal?

| | | (Year) | (Result) |
|---|---|---|---|
| Court of Appeal | Yes X    No __ | | Denied |
| Supreme Court of California | Yes X    No __ | | Denied |
| Any other court | Yes __    No __ | | |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?        Yes X    No __

(c)    Was there an opinion?   Yes    No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                    Yes        No

4

If you did, give the name of the court and the result:

---

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes          No ⎯X⎯

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

      (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _____ See attached in full exhibit A

Type of Proceeding _____

Grounds raised (Be brief but specific):

    a.    _____

    b.    _____

    c.    _____

    d.    _____

    Result _____ Date of Result _____

II.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

    a.    _____

    b.    _____

    c.    _____

    d.    _____

    Result _____ Date of Result _____

III.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

      (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?      Yes __ No __

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened? Who

made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need

more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent

petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: Violation of Valdivia V. Schwarzenegger due process rights (See Attached In Full, Particularly EXHIBIT A

Supporting Facts: _____

_____

_____

Claim Two: _____

Supporting Facts: _____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

    If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?    Yes __ No __

If you do, give the name and address of your attorney: Silas KC Geneson

877 Bryant St, Ste, 301 A    SF CA. 94103 (415)558-1639

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on   4-13-08
                        Date

_____
Signature of Petitioner

( rev. 5/96)

877 Bryant St., Suite 301 A ~ San Francisco, CA 94103
Phone: (415) 558-1639 ~ Fax: (415) 558-1798
E-mail: skgeneson@yahoo.com

# LETTER BRIEF REQUESTING DISMISSAL FOR DUE PROCESS, AND *VALDIVIA* VIOLATIONS.

Date: 9/12/07
Re: Dean Martin, CDC # F49697.
*Morrissey* Hearing: 9/18/07
Submitted Via Fax to San Quentin D.R.U.
     455-5003
C/C: Mr. Martin, CALPAP.

## FOR ASSIGNED DC REVIEW.

This case must be dismissed for 3 reasons.  1.)  Deputy Commissioner Brady properly determined at the probable cause hearing on August 20, 2007 that NO PROBABLE CAUSE EXISTED TO SUPPORT CHARGES 1 & 2.  2.)  These charges cannot and should not be resurrected.  3.)  The hearing on September 18, 2007 will violate the parolee's rights to a timely hearing under *Valdivia* and under the due process clauses of the State and Federal constitutions. This case must therefore be dismissed and/or the parolee must be referred to proposition 36.

## PROCEDURAL AND FACTUAL BACKGROUND

According to the crime reports a victim of a shooting and the victim's sister gave, in the officer's opinion, conflicting versions of how the shooting occurred.  Officer's went to the Victim and his sister's Contra Costa residence.  At the house, officers found the parolee, a guest and family friend.  The parolee has a stable residence in San Francisco.  The parolee, according to the police, gave an evasive version of what he knew about the shooting.  The parolee had admitted to starting to clean up some blood.  The parolee also admitted to playing video games. In the room with the video games police found a gun and ammo secreted away.  This contraband was located in a closed floor hatch in a closet.  The parolee denied knowing that it was there. Prior to this incident the parolee submitted a dirty test.

A parole hold was lodged on 8/3/07 and the parolee was charged with Access to a Firearm (037); Access to Ammunition (043); and Meth Use (778).  At the probable cause hearing on August 20, 2007 Deputy Commissioner Brady determined that there was no probable cause for charges 1 & 2 and dismissed them.  Mr. Martin was given proposition 36 on charge 3 and the hold was ordered lifted.

This was not done.  Instead, an ACDC reviewed Deputy Commissioner Brady's decision, and apparently disagreed for unknown reasons.  The hold was not lifted; the dismissed charges were apparently re-instated and the matter was ordered to be set for revocation hearing.  The

*Exhibit*
*A*

Access charges require, at a minimum, knowledge of the contraband's presence. Here, the circumstances do not show any probable cause that Mr. Martin knew about the contraband. Even if Mr. Martin was evasive about the shooting, there simply was no evidence that he knew about the gun or the ammunition. A guest in a home cannot, absent some indication, be assumed to know about the contents of a hidden compartment in the closet. Deputy Commissioner Brady therefore properly dismissed these charges.

## II.    THESE CHARGES CANNOT AND SHOULD NOT BE RESURRECTED.

The parolee is aware of no authority to permit the ACDC to resurrect charges duly and lawfully dismissed at a probable cause hearing. Parolee contends that there is no such authority and it is unlawful and violates due process. Res judicata means that a prior judgment is a bar in a new action on the same cause of action. Collateral estoppel means that issues litigated in a former action control in the new action. (*People v. Gephart* (1979) 93 Cal.App.3d 989.) These doctrines are embodied in the 5th Amendment guarantees against double jeopardy and there application is independent of the concept of double jeopardy. Here, the doctrines of collateral estoppel and res judicata bar the resurrection of these charges after they have been duly and lawfully dismissed.

Furthermore, even if the ACDC does have the authority to review DC decisions for mistakes of law and fact, here, there was no mistake of law or fact. Deputy Commissioner Brady was fully appraised of the case, weighed the evidence, and determined that there was no probable cause. While the ACDC may not agree with this decision, there was no mistake of law or fact. In this circumstance, the ACDC should not have disturbed Mr. Brady's decision.

## III.    LATE *MORRISSEY* HEARING VIOLATED THE 35 DAY RULE IN VALDIVIA AND DUE PROCESS.

Paragraph 23 of the Stipulated Order for Injunctive Relief in *Valdivia v. Schwarzenegger* states: "**Final revocation hearings *shall* occur within 35 calendar days of the parole hold.**" (Bold/Italics added.) California Appellate Courts acknowledge that *Valdivia* controls in cases involving California parolees. (*In re Miller* (2006) 145 Cal.App.4th 1228.) The *Valdivia* time-constraint is simply a codification of a due process right, pertaining to the deprivation of liberty, afforded to individuals under the United States and California Constitutions. (U.S. Const., Amend. V, XIV; Cal. Const., Art. I, sec. 15) Undue delay violates due process. (See *Jones v. Superior Court* (1970) 3 Cal.3d 734.) It has recently been decided that *Valdivia* means what it says. "The process due petitioner under the terms of *Valdivia* was a revocation hearing with due process protections within 35 days of the parole hold." (*In re Marquez* (2007) _____ Cal.App.4th _____; Sixth District Court of Appeal No. H029580; 2007 WL 1976358 (Cal. App. 6 Dist.); 2007 Cal.App. LEXIS 1139, p. 8.)

The language in *Valdivia* is *mandatory*, clear and unambiguous. Although there is not a

the running of the 35 days and a not-in-custody hearing must be scheduled. This is written Board policy. (See BPT Memorandum Dated 12/23/04 re: Hearing Directive 01/10.)

Here, the hold has not been lifted and the parolee will have been in continuous custody on the parole hold for 46 days without having a *Morrissey* hearing. This is a clear violation of *Valdivia* and of Mr. Martin's due process rights. The ACDC's decision to set this matter for revocation hearing did not amount to good cause for delay and the matter should have still been heard within 35 days.

**CONCLUSION**

This matter must be dismissed and/or Mr. Martin must be released per Prop. 36.

Respectfully Submitted,

_____

Silas KC Geneson.

872 Bryant St., Suite 301 4 ~ San Francisco, CA 94103
Phone: (415) 558-7639 ~ Fax: (415) 558-1798
E-mail: skgeneson@yahoo.com

# MEMORANDUM TO CALPAP/FILE/ACDC REVIEW.

Date: 9/20/07
Re: Dean Martin, CDC # F49697.
    *Morrissey* Hearing: 9/18/07
To: MICHAEL ROLDAN: CALPAP.
    VIA E-MAIL
C/C DEAN MARTIN.

### PLEASE FORWARD THIS MEMO TO THE APPROPRIATE ACDC FOR REVIEW.

## SUMMARY

Prior to the 9/18/07 hearing counsel submitted a memorandum dated 9/12/07. requesting dismissal/re-referral to proposition 36. That memo argued that this case must be dismissed for 3 reasons. 1.) Deputy Commissioner Brady properly determined at the probable cause hearing on August 20, 2007 that NO PROBABLE CAUSE EXISTED TO SUPPORT CHARGES 1 & 2. 2.) These charges cannot and should not be resurrected. 3.) The hearing on September 18, 2007 will violate the parolee's rights to a timely hearing under *Valdivia* and under the due process clauses of the State and Federal constitutions. That memorandum is attached and the argument is contained there-in. The argument and statement of facts there-in is re-iterated except as amended below. Deputy Commissioner Herron has found good cause and sentenced Mr. Martin to 12 flat months. Review and recission is requested.

## FURTHER STATEMENT OF PROCEDURE

Counsel was mistaken in the prior brief when I indicated that the hold had never been lifted. Having had the opportunity now to review the BPH file and having had further conversation with my client, Mr. Martin the hold was in fact lifted after no probable cause was found on 8/20/07. Mr. Martin was actually released from San Quentin on 8/23/07. On that same date the parole agent submitted a request for Miscellaneous decision to rescind DC Brady's finding of no probable cause. That action was taken and Mr. Martin was arrested in his San Francisco home on 8/25/7. Mr. Martin then was in custody (albeit interupted) for a total of 43 days without having a *Morrissey* hearing.

The grounds that the parole agent set forth in support of the request to rescind Mr. Brady's finding of no probable cause was that the shooting occurred in the house and that the fingerprint test should be completed very soon.

The evidence at the Morrissey hearing was, in essence, as follows. The only officer who testified was Deputy Ward. Deputy Ward said that at the Contra Costa Residence of Ms. Burns (the sister of a shooting victim) he found a gun and ammunition under the floor in the closet. There was a carpeted hatch that was noticeable only because it was raised slightly above the surrounding carpet. Under this closed hatch was where the contraband was discovered. Mr. Martin, a guest in the home and a family friend, admitted being in the room playing video games earlier. A blood trail appeared to lead to that closet from the front door and then from that closet to the garage. Mr. Martin admitted cleaning up some of the blood in the kitchen at Ms. Burns request, but denied knowing about the contraband. He denied being in the room when the shooting victim came home.

The parole agent indicated that there were no GSR test results. The parole agent also indicated that the only fingerprint that yielded a result was one fingerprint on a box of ammunition. It belonged to Ragland – the victim of the shooting – not Mr. Martin. The prison would not allow the detective in to testify because he was wearing jeans. In the parole agent's own words, on the record, this case was "snake-bit."

LESS EVIDENCE WAS PRESENTED AGAINST MR. MARTIN AT THE HEARING, AND THE NEW EVIDENCE WAS EXCULPATORY. Nonetheless Deputy Commissioner Herron found good cause and sentenced Mr. Martin to 12 flat monthes (over the recommended guidelines despite Mr. Martin being violation free since his release in 06). STRONGER EVIDENCE RESULTED IN A LACK OF PROBABLE CAUSE FINDING. The parole agent's grounds for asking the ACDC to rescind Deputy Commissioner Brady's decision were untrue and/or exculpatory. The shooting did not occur in the house. That fact was clear from a cursory reading of the reports. At the hearing it was made even more clear. Ward opined that the shooting victim entered the front door while bleeding. The fingerprints that were available did not implicate Mr. Martin. Rather, they implicated Ragland, the shooting Victim.


## CONCLUSION


There was not probable cause in this case much less good cause. The parole agent has already had more than enough chances to prove up this case. It was and is a "snake bit case." I therefore respectfully request that Deputy Commissioner Herron's ruling must be reviewed and rescinded. Thank your for your consideration.

Respectfully Submitted,

_____

Silas KC Geneson.

MC–275

Name  **DEAN MARTIN**

Address  **CSP, San Quentin**

_____**San Quentin, Ca 94964**_____

_____

CDC or ID Number  **F-49697**

ORIGINAL

SUPREME COURT
# FILED

FEB 2 5 2008

Frederick K. Ohlrich Clerk

Deputy

_____**SUPREME COURT OF CALIFORNIA**_____

_____
(Court)

| | |
|---|---|
| **DEAN MARTIN** | |
| Petitioner | |
| vs. | |
| **ROBERT , L AYERS , Jr. Warden** | |
| Respondent | |

PETITION FOR WRIT OF HABEAS CORPUS
# S161133
No.
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify):    **PAROLE REVOCATION MATTER**

1. Your name:    **DEAN MARTIN**

2. Where are you incarcerated?    **SAN QUENTIN STATE PRISON**

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   b. Penal or other code sections:    **PAROLE REVOCATION PROCEEDINGS**

   c. Name and location of sentencing or committing court:   **SUPERIOR COURT OF CALIFORNIA COUN OF SAN FRANCISCO**

   d. Case number:    **SCN 00199309 SF. NO 94103**

   e. Date convicted or committed:    **11/21/06**

   f. Date sentenced:    **Same As Above**

   g. Length of sentence:    **16 months**

   h. When do you expect to be released?    **To Be Determined**

   i. Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

      **Juliana Drous SF, CA.**

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty   ☒ Guilty   ☐ Nolo Contendere   ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                                    MC–275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHED IN FULL

_____

_____

_____

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED IN FULL

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED IN FULL

_____

_____

_____

_____

7. **Ground 2 or Ground** _____ *(if applicable):*                                              MC–275

SEE ATTACHED SHEEST IN FULL

a. Supporting facts:

SEE ATTACHED SHEETS IN FULL

b. Supporting cases, rules, or other authority:

SEE ATTACHED SHEETS IN FULL

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

      _____

   b.  Result _____  c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

              (2) _____

              (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

      _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No.  If yes, give the following information:

   a.  Result _____  b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

              (2) _____

              (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

      N?A

      _____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

      THIS IS THE APPROPRIATE ACTION FOR DENIAL BY BOARD OF PAROLE

      HEARIGS

      _____

      _____

      _____

      _____

      _____

      _____

      _____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction,  **MC—275**
commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

     (2) Nature of proceeding (for example, "habeas corpus petition"): _____

     (3) Issues raised: (a) _____

     (b) _____

     (4) Result (*Attach order or explain why unavailable*): _____

     (5) Date of decision: _____

     b. (1) Name of court: _____

     (2) Nature of proceeding: _____

     (3) Issues raised: (a) _____

     (b) _____

     (4) Result (*Attach order or explain why unavailable*): _____

     (5) Date of decision: _____

     c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

                              THERE HAS BEEN NO DELYS

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    THIS COURT ORIGINAL JURISDICTION

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2-18-08            ▶ *Dean Martin*
                              (SIGNATURE OF PETITIONER)

CSP, San Quentin
San Quentin, Ca
94964


Petitioner Pro Per


COURT OF APPEAL STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT


In Re Dean Martin

    On Habeas Corpus

_____

Case Number _____
**PETITION FOR WRIT OF
HABEAS CORPUS ,MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF,
VERIFICATION**


**PETITION FOR WRIT OF HABEAS CORPUS**


TO THE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF
THE COURT OF APPEAL STATE OF CALIFORNIA , FIRST APPEALLATE
DISTRICT

    **Petitioner** Dean Martin, hereby movesthis court for a

Writ of Habeas corpus  and in support  of the request  alleges

as follows:


I


    Petitioner is unlawfully restrained  of his liberty by

the Board of Parole Hearings and the Warden at San Quenti State

Revocations  Hearing  that was conducted  by the Board of Parole

hearings  at San Quentin  State Prison  on September 18, 2007.

III

That without  this court granting relief petitioner will

suffer  irreparable  constitutional  injury.

**MEMORANDUM OF POINTS AND AUTHORITIES.**

Petitioner adopts the factual statement of the facts as

presented by counsel at the Revovcation Hearing . Petitioner

also adopts the factual statements regarding his being released

from custody and arrested  and re- arrested  and subsequently

being held over the time limits for a Parole revocation Hearing.

PETITIONER'S CONTENTIONS

1.   The Charging Documents Did Not Provide Petitioner

With Adequate Information To Represent Himself From.

2. Petitioner Contends That There Is a Double Jeopardy

Issue.

3. There Was No Evidence At the September 18, 2007 ,

Revocation Hearing And The Board  Illegally Change The Deputy

Commisasioners Ruling

4. Petitioner Was Not Given A Timely Hearing.

THE BOARD OF PAROLE DECISION FROM THE SEPTEMBER 18, 2007
HEARING  MUST BE SET ASIDE

On August 20, 2007, Deputy Commissioner Brady  properly

determined that there was not probable cause  to support the

charges  against the petitioner . However, after the petitioner's

parole agent  facilitated the re-arrest of the petitioner,

another Panel Commissioner found good cause and imposed a twelve

month flat return to custody prison term.

This subsequent action clearly violated the petitioner's

state and federal constitutional rights  under both the Calif

ornia and United States Constitutions..

At the September 18, 2007 Board Hearing all of the defense

counsel's preliminary objections were summarily denied . The

evidence of that Hearing can be detailed as follows:

The only La Enforcement agent to testify at the Hearing was

Deputy Ward. Deputy Ward testified that at the Contra Costa

residence of Ms Burns ( the sister of the shooting victim) he

found a gun and ammunition  under the floor in the closet.There

was a carpeted  hatch that was noticable only because it raised

slightlyabove the surroundling carpet. Under this closed hatch was

where the contraband was discovered . Petititioner, a quest in the

home  and a family fried , admitted  being  in the room  playing

video games  earlier. A blood trial appeared  to lead  to that

closet  from the front door and then from the closet to the

the kitchen at ms. Burns  request , but denied knowing about the

contraband . He denied  being in the room when the shooting victim

came home.

Petitioner's parole agent indicated that there were no GSR

test results . The parole agent also indicated that  the only fin-

gerprint  that yielded a result was one fingerprint on a box

of ammunition . The fingerprint belonged to the victim of the

shooting - not the petitioner. San Quentin State Prison

Officials refused to allow the detective in the prison to testify

because he was wearing jeans.. The parole agent subsequently put

on record that this case  was a snake -bit.

At the second Board Hearing there was less evidence presented

against the petitioner and the new evidence was exculpatory.

Nonetheless Deputy Commissioner Heron  found good cause  and

sentenced the petitioner to a twelve month flat term.. This

term was imposed over the recommended guidelines  and despite

the Petitioners being violation free since 2006.

STRONGER EVIDENCE RESULTED IN A LACK OF PROBABLE CAUSE FINDING

The parole agent's grounds for asking the ACDC  to resind

Deputy Commissioners Brady's decision were untrue and /or

exculpatory . The shooting  did not occur in the hgouse . The

### PRAYER FOR RELIEF

Petitioner is without remedy save for habeas .
Accordingly ,petitioner request that  the court.

1. Issue a Order to Show Cause

2. Declare the rights of the parties

3. Order the Board of Paroel Hearings to set aside the
of the Deputy Commissioner

4. Appoint counsel to represent petitioner in this case
and award reasonable attorney fees.

5. Grant sucj further relief deemed appropriate  by
the court.

Dated February 18, 2008                     By *Dean Martin*
                                            Dean Martin Pro
                                            Per.

that the shooting victim entered the front door while bleeding

The fingerprints that were available did not implicate the

Petitioner. Rather, the implicated the shooting victim Ragland.


### CONCLUSION

There was not probable cause to bring the petitioner before

the Board , much less good cause . Petitioner's parole agent

had more than enough chances to prove this case. This case was

and remains a "a snake bit case " Petitioner respectfully

request that this court grant habeas corpus relief and set aside

the findings of Deputy Commissioner Heron.




Respectfully submitted




By _Dean Martin_                    October ___1___ , 2007
   DEAN MARTIN
   Petitioner Pro Per

## VERIFICATION

I am the petitioner in this action . I have read the foregoing Letter Brief Requesting Reconsideration of the Petition for Habeas Corpus in Marin County Number 155893 A and the facts stated therein are true of my own knowledge , except as to those matters that are stated on my own information and to those matters , I believe them to be true .

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 6, 2007, at San Quentin State Prison, County of Marin.

_____

DECLARANT/PETITIONER

THAT THE SHOOTING VICTIMS ENTERED THE FRONT DOORWHILE BLEEDING.
The fingerprints that were available  did not implicate  the
petitioner Rather , they implicated the shooting victim. Rag
land.

### CONCLUSION

There was not probable cause  to bring the petitioner
before the Board, much less good cause. Petitioner's parole
agent  had more than enough  chances  to prove the case.
Petitioner respectfulluy request  that this court grant habeas
corpus reliefand set aside  the findings of the Deputy
Commissioner.

Respectfully submitted

BY _Dean Martin_

DEAN MARTIN . PRO PER

Feb. 1-8 , 2008

PRELIMINARY INFORMATION

| Type of Hearing<br>REVOCATION | Location of Hearing<br><br>Parolee in custody at Time of Hearing:  YES |
|---|---|
| Basis for Charges<br>  Parole Violation Report, Dated:    04-SEP-2007<br><br>  Police Report Agency      Dated: 03-AUG-2007<br>  PAROLE | Optional Waiver<br>  NO      Date Signed by Parolee:<br>         Date of BPH Action:<br><br>  Assessment: |

Legal Data
  The crime for which the parolee was committed to prison occurred on or before 12-31-1978:  NO
  The crime for which the parolee was committed to prison occurred on or after 1-1-1979:  YES
  Date of arrest on current parole violation charge(s):  03-AUG-2007
  Date hold was placed on current parole violation charge(s):  20-AUG-2007

ADA   Special Needs:

Present at Hearing    Hearing Officer: R HERRON

1. [X] Yes [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes [ ] No  Attorney Name: GENESON, SILAS          [ ] Waived
3. [X] Yes [ ] No  Agent of Record or Substitute:  MITCHELL, MICHAEL    Reason not present:
4. [ ] Yes [ ] No  Hearing Agent                              Reason not present:
5. [ ] Yes [X] No  Observers    Name and Organization:
6. [ ] Yes [X] No  Interpreter Assigned Language            Name

Witnesses (continue on the last page if more than 8 witnesses)

| Present | | Name | Notified | | Wit. Desig.** | | Testified | Excused | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|---|---|
| Yes | No | | Meth.* | Date | Stat. | Req. | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*NOTIFICATION METHOD
  M = Memo      PC = Personal Contact
  L = Letter    SP = Subpoena
  PH = Phone    TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION
  Status:  A = Adverse      Requested by:  S = State
           F = Friendly                     P = Parolee
           V = Victim

| NAME<br>MARTIN, DEAN | CDC NUMBER<br>F49697 | INST/REGION / AGENT<br>SAN FRANCISCO 4 / 2<br>MITCHELL, MICHAEL | HEARING DATE<br>18-SEP-2007 |
|---|---|---|---|

Specify Witnesses/Documents needed for next hearing:

## SUMMARY OF FINDINGS

### ADMISSIONS/DENIALS AND FINDINGS

Charges

| | | | Plea | | | Findings | | |
|---|---|---|---|---|---|---|---|---|
| Charge Number | Code Number | Charge Specified | Admit | Deny | No Plea | Good Cause | Dismiss | Postponed |
| 1. | 037 | Access to a firearm | | | X | X | | |
| 2. | 043 | Access to ammunition for a firearm | | | X | X | | |
| 3. | 778 | Use of amphetamine/methamphetamine | | | X | X | | |

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MARTIN, DEAN | F49697 | SAN FRANCISCO 4 / 2 | 18-SEP-2007 |

ADA, EFFECTIVE COMMUNICATION, AND DUE PROCESS REVIEW CONDUCTED UNDER CCR 2073, AND ORAL INTERVIEW OF PAROLEE. NO ADA, EC, OR DP ISSUES NOTED. PAROLEE STATES HE MET WITH ATTORNEY AND RECEIVED A COPY OF HIS VIOLATION REPORT. ATTORNEY HAS DISCUSSED POSSIBLE DEFENSES AND MITIGATION WITH PAROLEE. PAROLEE STATES THAT HE IS READY TO GO FORWARD WITH HEARING. ATTORNEY STIPULATES THAT PAROLEE'S AMERICANS WITH DISABILITIES ACT, EFFECTIVE COMMUNICATION, AND DUE PROCESS RIGHTS HAVE BEEN MET TO DATE. NO LEGAL CAUSE WHY HEARING SHOULD NOT NOW GO FORWARD.

FIND PROBABLE CAUSE ON THE USE OF MEHTAMPHETAMINE. DISMISS CHARGES OF ACCESS TO A WEAPON AND ACCESS TO AMMUNITION BASED ON NO KNOWLEDGE THAT CAN BE IMPUTED TO PAROLEE. GUNS AND AMMUNITION SECRETED IN A ROOM UNDER THE FLOOR.

**Basis for Disposition:**

PROP 36 ELIGIBLE AND THAT IS WHAT HE IS GIVEN AS A SPECIAL CONDITION. CHARGES 1 AND 2 ARE DISMISSED WITHOUT PREJUDICE FOR PAROLE TO REFILE IF ADDITIONAL EVIDENCE IS FOUND.

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|-----------|---------------------|--------------|
| MARTIN, DEAN | F49697 | SAN FRANCISCO 4 / 2 | 20-AUG-2007 |
| | | MITCHELL, MICHAEL | |

Custody Status: In Custody at Evidentiary or Waive

☐ Continue on Parole   ☐ Schedule for Revocation

☐ Dismiss   ☒ PROP36

☐ Parole Revoked-Return to Custody: months

Serve ☐ Consecutively ☐ Concurrently

☐ Parole Revoked-Return to Custody:   months for Psych Rx

☐ Time Served:                    to

Hold Order: ☐ Place   ☒ Remove   20-AUG-07

**3057 Credits**

☐ Eligible

☐ Ineligible 3057d-1   Reason for Ineligibility:

☐ Commitment Offense:

☐ Revocation Offense:

☐ Parole Violation:

☐ Sentenced under PC 1168:

☐ Unsuitable for credits because of PC 3057(d)(2)(e)

☐ Prior Criminal History

☐ Circumstances & Gravity of Parole Violation

Specify Reason

**Optional Waivers**

☐ Previous BPH Action of _____ is:

☐ Rescinded   ☐ Reaffirmed

**Special Conditions of Parole**

☐ Noted   ☐ Reaffirmed   ☒ Amended

**Other**

| Special Condition | Reason |
|---|---|
| ENROLL IN AND COMPLETE PROP 36 AS A SPECIAL CONDITION OF PAROLE. | ADDICT |

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

**BPH HEARING PANEL**

NAME:

NAME: Michael K. Brady

DECISION REVIEW BY:

| REVOCATION HEARING TIME (MINUTES) | |
|---|---|
| 1. Prehearing Prep. Time: | 5 |
| 2. Actual Hearing Time: | 15 |
| 3. Report Completion Time: | 5 |
| 4. Other: | |
| Total: | 25 |

Hearing Accommodations (ADA) Provided: ☐ Yes   ☐ No

Accom:

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MARTIN, DEAN | F49697 | SAN FRANCISCO 4 / 2 | 20-AUG-2007 |
| | | MITCHELL, MICHAEL | |

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|------------|---------------------|--------------|
| MARTIN, DEAN | F49697 | SAN FRANCISCO 4 / 2 | 20-AUG-2007 |
| | | MITCHELL, MICHAEL | |

| Objections / Disposition | | DENY |
| --- | --- | --- |
| VALDIVIA OBJECTION | | |

THIS OBJ CONCERNS THE FACT THAT THIS CASE IS OVER THE VALDIVIA TIME LIMIT.  DENIED BASED ON THE SERIOUSNES OF THE OFFENSE.



| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
| --- | --- | --- | --- |
| MARTIN, DEAN | F40607 | SAN FRANCISCO 4 / 2 | 18-SEP-2007 |

BPT FORM 1073 REFLECTS

REMEDIAL SANCTIONS CONSIDERED

CHARGE #1  ACCESS TO FIREARM - GOOD CAUSE FOUND BASED ON THE TESTIMONY OF OFFICER WARD.  OFFICER WARD TESTIFIED THAT HE FOLLOWED THE BLOOD TRAIL THROUGH THE HOME FROM THE FRONT DOOR THAT LEAD TO THE GAMEROOM WHERE THE PAROLEE HAD BEEN PLAYING VIDEO GAMES FOR THE MAJORITY OF THE DAY. INSIDE OF THE GAME ROOM THE BLOOD TRAIL LEAD TO A CRAWLSPACE WHICH HAD A LARGE ACCUMULATION OF BLOOD ON THE COVER TO THE CRAWLSPACE.  NOT FAR FROM THE CRAWLSPACE WAS A BAG THAT CONTAINED THE PAROLEE'S CLOTHING.  INSIDE OF THE CRAWLSPACE THE GUN AND THE AMMUNITION WERE LOCATED.  NOTE: THE PAROLEE HAD BEEN IN THIS ROOM FOR THE MAJORITY OF THE DAY AND THE BLOOD TRAIL WAS FRESH ENOUGH TO BE FOLLOWED TO THE CRAWLSPACE.
CHARGE #2  ACCESS TO AMMUNITION FOR A FIREARM - GOOD CAUSE FOUND - SEE CHARGE #1
CHARGE #3  USE OF METH - GOOD CAUSE FOUND BASED ON THE TEST RESULTS.

PC TO MAINTAIN HOLD - PUBLIC SAFETY

**Basis for Disposition:**

THE PAROLEE'S C/O WAS POSSESSION OF A TECH 9, SUBMACHINE.  THE PAROLEE WAS SHOT ON 4/28/07 IN THE SUNNYDALE PROJECTS IN SAN FRANCISCO.  THE PAROLEE IS KNOWN BY THE SFPD GANG UNIT.

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MARTIN, DEAN | F49697 | SAN FRANCISCO 4 / 2 | 18-SEP-2007 |

[ ] Continue on Parole  [ ] Schedule for Revocation

[ ] Dismiss  [ ] Other Non-Rev Sanction

[X] Parole Revoked-Return to Custody: 12 months

Serve [ ] Consecutively [ ] Concurrently

[ ] Parole Revoked-Return to Custody:  months for Psych Rx

[ ] Time Served:  lo

Hold Order: [ ] Place  [ ] Remove

**3057 Credits**

[ ] Eligible

[X] Ineligible 3057d-1    Reason for Ineligibility:

   [X] Commitment Offense:  POSS OF TEC 9

   [ ] Revocation Offense:

   [ ] Parole Violation:

   [ ] Sentenced under PC 1168:

[ ] Unsuitable for credits because of PC 3057(d)(2)(e)

   [ ] Prior Criminal History

   [ ] Circumstances & Gravity of Parole Violation

Specify Reason

**Optional Waivers**

[ ] Previous BPH Action of _____ is:

   [ ] Rescinded  [ ] Reaffirmed

**Special Conditions of Parole**

[ ] Noted  [X] Reaffirmed  [ ] Amended

**Other**

Special Condition     Reason

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

---

**BPH HEARING PANEL**

| NAME: | REVOCATION HEARING TIME (MINUTES) | |
|---|---|---|
| NAME: *Ronald A Mewm* | 1. Prehearing Prep. Time: | 15 |
| | 2. Actual Hearing Time: | 70 |
| DECISION REVIEW BY: | 3. Report Completion Time: | 15 |
| | 4. Other: | |
| | Total: | 100 |

Hearing Accommodations (ADA) Provided: [ ] Yes  [ ] No

Accom:

---

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|

| ARREST DATE | | MANDATORY | | NON-MANDATORY | San Quentin |
|---|---|---|---|---|---|
| 08/25/07 | Parole | x | | | |

ARREST CODE
A

* ARREST CODES:
A    P&CSD STAFF ALONE
AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY

B    LAW ENFORCEMENT AGENCY ALONE
D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 08/25/07 | 08/25/07 | intact | Mitchell | 11/21/10 | 11/21/07 | |

CHARGES AND CODES
1.

2.

3.

**PAROLEE COPY**

CalPAP

CHARGES AND CODES
4.    Failure to Report Police Contact   (025)

5.

6.

REASON FOR RETAINING PAROLE HOLD, PAROLEE DANGER TO:
[ ] ABSCOND   [ ] SELF   [ ] PROPERTY-OTHERS   [x] SAFETY-OTHERS

DATE COPY SENT TO PAROLEE

INITIALS OF PERSON SENDING

PROPOSITION 36 ELIGIBLE                    NON PRIORITY

Supplemental Charge to Violation Report dated 08/11/07

Charge 4:   According to Antioch Police Report 07 007387, on 07/21/07, Subject was involved in a shooting incident in Antioch.  He was detained in handcuffs and questioned about the incident, prior to being released.

I conducted a homevisit on 07/23/07, and an office visit on 07/25/07. Subject did not mention to me that he had been detained by the police during either of these visits.

NOTE:   On 08/20/07, the BPH issued a ruling, in which Subject was COP'd to Proposition 36 treatment, after dismissing the charges of Access to a Firearm (037) and Access to Ammunition (043).  On 08/23/07, the BPH vacated the previous order, and ordered Subject to a hearing.  However, he was released from custody at San Quentin on 08/23/07, prior to receiving the new order.  On 08/25/07, I took Subject back into custody, in accordance with the BPH order of 08/23/07.

Attachments:

Court Status:
Subject is only facing a CDC disposition, pending a finding on the fingerprint and gunshot residue test in Antioch.

Witnesses:
Parole Agent Mitchell, star 4177

RECEIVED
SEP 0 7 2007
BY:

ATTORNEY COPY

| ARREST DATE | | | | | BOOKING IDENTIFICATION |
|---|---|---|---|---|---|
| 08/03/07 | Parole | | [x] MANDATORY | [ ] NON-MANDATORY | San Quentin |

*ARREST CODE*
A  PACSD STAFF ALONE
AB  PACSD ASSISTED BY LAW ENFORCEMENT AGENCY

B  LAW ENFORCEMENT AGENCY ALONE
D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM PACSD

A

| HELD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 08/03/07 | 08/03/07 | intact | Mitchell | 11/21/10 | 11/21/07 | [ ] |

CHARGES AND CODES

1. Access to a Firearm (037)
2. Access to Ammunition (043)
3. Illicit Use of Methamphetamine (778)

CHARGES AND CODES

4.
5.
6.

RECEIVED
SEP 0 7 2007
BY: ✒

| REASON FOR RETAINING PAROLE HOLD. PAROLEE DANGER TO: | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|
| [ ] ABSCOND  [ ] SELF  [ ] PROPERTY-OTHERS  [x] SAFETY-OTHERS | | |

PROPOSITION 36 ELIGIBLE                          NON PRIORITY

Charge 1: According to Antioch Police Report 07 007387, on 07/21/07 at approximately 1500 hours, officers were dispatched to the emergency room at SDMC. They were responding to a report of a gunshot victim. Upon arrival, they met with the victim's sister, and later they met with the victim himself. The victim was on a hospital gurney, but he was conscious and able to speak. Both the victim and his sister related a story about the victim being shot during a drive-by shooting, which allegedly occurred on Sycamore Drive in Antioch. They both stated that he called his sister on his cell phone as he ran home, and that she picked him up in her car and drove him to the hospital.

The victim, a 17 year old male, had seven (7) gunshot wounds in his chest and arms. However, some of these were entry and exit wounds so the exact number of bullets striking the victim is unknown.

However, as the officers began investigating the shooting incident, the facts they obtained contradicted the story given by the victim and his sister. When the officers examined the white shirt worn by the victim, they discovered powder burns, which indicates the gun was held close to the victim when it was fired. They responded to the spot at which the victim stated he had been shot, but there were no shell casings and no blood. Also, they spoke to people in the area, who all stated they had been in the area for a while, and no one had heard or seen a shooting.

The officers then responded to the home, shared by the victim and his sister. At the home, they discovered Subject, Dean Martin. Subject gave the officers various stories about the shooting incident. The one consistency in his stories was that he was in the back bedroom of the house, where the video games are located, when the shooting incident happened. His own statements place him in that room both before and after the shooting. Despite the statements from both the victim and his sister, in which they stated that the victim never entered the home after being shot, the officers found blood trails between the kitchen, the

actually admitted to using.

In other words, the physical evidence contradicted the stories given by the victim, his sister and Subject.

While searching the video room, where some of the blood was found, the officers located a floor hatch which lead to a space below the floor. In this space, they located a .38 caliber Taurus Pistol. The pistol contained three (3) live rounds and three (3) spent rounds in the cylinder. The officers also recovered a 30 round magazine, which contained four (4) live rounds of .223 caliber bullets. There were also seven (7) loose .223 rounds in the area. This caliber is regularly used in the civilian AR 15 semi-automatic or the military M-16 automatic rifle. They also recovered a box of .38 caliber bullets, with 28 live rounds in the box.

The officers noted that this hatch was in the same room occupied by Subject, while he allegedly played computer games. They also noted that this gun and bullets were in close proximity to a bag containing clothing and other personal items belonging to Subject.

In summary, Subject's own statements place him in the video room, where the gun and bullets were found. Also, all the physical evidence indicates the shooting occurred in the house, while Subject was present.

The Antioch Police are analyzing the fingerprints taken from the gun and ammunition; further action will be taken if warranted.

Charge 2:    As noted above, the officers recovered both .223 rifle ammunition and .38 caliber ammunition in the room where Subject was allegedly playing a video game.

Charge 3:   On 07/23/07, Subject submitted an Anti Narcotics Test (ANT), which proved positive for methamphetamines.

Attachments:
Antioch Police Report 07 007387
San Diego Reference Lab Report, dated 07/31/07

Court Status:
Subject is only facing a CDC disposition, pending a finding on the fingerprint and gunshot residue test in Antioch.

Witnesses:
Officer Ward, star 4090, Antioch Police
Det. Benzler, star 3630, Antioch Police
Parole Agent Mitchell, star 4177

8/25/07   Parole 1377 B   MANDATORY   PAGE

| ARREST CODE | *ARREST CODES | | | B | |
|---|---|---|---|---|---|
| AB | A   P&CSD STAFF ALONE | | | | LAW ENFORCEMENT AGENCY ALONE |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | | | D | LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | *DISCOVERY DATE | *HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARG |
|---|---|---|---|---|---|---|
| 8/25/07 | 8-25-07 | intact | Mitchell | 11/21/10 | 11/21/07 | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1. By order of BPH. | 4. |
| 2. Failure to info Parole of Police Contact   [025] | 5. |
| 3. | 6. |

REASON FOR RETAINING PAROLE HOLD:   PAROLEE DANGER TO:
[ ] ABSCOND   [ ] SELF   [ ] PROPERTY-OTHERS   [X] SAFETY-OTHERS

DATE COPY GIVEN TO PAROLEE          NAME OF PERSON NOTICING PAROL

(1) On 8/20/07, the BPH cop'd (S) to Prop 36 on a charge of Access to a Firearm [037] + Access to Ammo [043]. However, on 8/23/07, the BPH reversed that decision and ordered the case back to a hearing. However, (S) was released from San Quentin on 8/23/07, before the new BPH decision reached them. On 8/24/07, Supr. reps advised me to arrest (S). On 8/25/07 from 1200 - 1500, with help from the SFPD, (S) was arr. at his ROR and a search was done in an attm to locate a gun and ammo. Specifically, we looked for an M1607 ammo.

(2) On 7/21/07, (S) involved in shooting incident in Antioch. I did a home visit on 7/23/07 + an office visit on 7/25/07. (S) never mentioned being detained or being a suspect in this shooting. Antioch P.D. info'd me on 7/26/07, we arrested him on 8/3/07.

PAROLE AGENT'S RECOMMENDATION:
Ret to BPH mandatory

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| Mitchell | 8/25/07 |

UNIT SUPERVISOR'S ACTION
[X] DECISION   [ ] REVIEW   [ ] RETAIN HOLD          RELEASE HOLD AS OF (DATE):          [ ] CANCEL WARRANTS – WANTS

[ ] CONTINUE ON PAROLE   [ ] CONTINUE IN OUT PATIENT STATUS   *DISCHARGE EFFECTIVE (DATE):   [ ] RETAIN ON PAROLE

[ ] REINSTATE ON PAROLE AS OF (DATE):   [ ] TIME LOSS   [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE):   [ ] REFER TO BPT   [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE):  09/04/07
[ ] NO TIME LOSS

SPECIAL CONDITION(S):
[ - - ]          [ ] ADD          [ ] DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
Subject was originally released per BPH. However, upon BPH reviewing a miscellaneous decision was made prior to return of Brady's decision, S was taken back into custody.

[X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD.

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| J. Lopez PAIII | 08/27/07 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| REFER TO BPT | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] | [ ] | | |

L. ~ 8-27-07

| OFFENSE TITLE(S) | | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|---|
| none | | | |
| | | | |
| | | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 11/21/06 | na |

Participate in Anti Narcotics Testing
Not to associate with gang members
Stay away from the Sunnydale Housing Projects

## RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4813 Mission #101 San Francisco, CA | grandmother, | stable |

## MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| unknown | | | |

EVALUATION - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

PROPOSITION 36 ELIGIBLE                           NON PRIORITY
Subject is a 20 year old, first termer, committed to CDC, for possession of a TEC 9, submachine gun. His criminal career consists of arrests for Attempted Robbery and Spousal Battery, along with the machine gun conviction for his commitment offense.

Up until this offense, he was cooperative and polite. He was in the process of registering for City College, at which time he would have received a grant from the state.

The only other incident of concern, involved a case where Subject got shot while he was visiting in the Sunnydale Projects. This occurred on 04/28/07, and he was hit by two (2) bullets. Officer Noble, of the San Francisco Gang Task Force, describes Subject as a gang "hanger-on". In other words, he is not a fully validated member of any of the Sunnydale gangs, but he is affiliated with them.

This current offense is extremely serious, as the physical evidence places Subject at the time and place of the shooting. It is not known if he actually fired the gun, or just witnessed this, because the victim refuses to identify the shooter. It is also serious, because the physical evidence proves that Subject lied to the police, repeatedly.
    I recommend the maximum Return to Custody.

- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings.
- [ ] Other _____

- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

PAROLE AGENT'S SIGNATURE

Mike Mitchell  PA I

DATE 9/2/07

## BPT    UNIT SUPERVISOR'S DECISIONS    NAEA

- [ ] Reinstate on Parole as of _____
- [ ] Cancel Want --Remove Warrant from File
- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold as of _____
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings
- [ ] Other _____

- [ ] Continue outpatient or civil addict parole status
- [ ] Dismiss
- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

- [ ] Note to Hearing Agent: History of major psychiatric disorder should be considered in attorney determination.
- [ ] Note to Classification Staff Representative: May be psychotic. Requires evaluation for category program.

COMMENTS

SUPERVISOR'S SIGNATURE

Troy Lopez  PA III  US

DATE 09/04/07

DATE PAROLEE COPY PROVIDED _____    [ ] MAILED    [ ] DELIVERED    BY (SIGNATURE)

d. original CDC 1244 is to be maintained on the top right hand corner of field file, copy is to be forwarded to ...

| ACTION | | ACTION CODE |
|---|---|---|
| en Parole<br>a Custody<br>Parole Violation | 1. Mandatory BPT<br>2. Non-Mandatory BPT<br>   A. Commitment Offense<br>   B. Repeat Violations<br>   C. Psychological Problems<br>   D. Serious Violation<br>   E. Poor Parole Adjustment | 3. Good Parole Adjustment<br>4. Community Program<br>5. Minimal Risk, Person or Property<br>6. No Parole Violations<br>7. Dismissal |

(other)

| MITMENT OFFENSE | | | | | | | | RISKS SCORE | NEEDS SCORE |
|---|---|---|---|---|---|---|---|---|---|
| | 1192.7(c) PC | YES | X NO | 667.5 P.C. | YES | X NO | | 3 | 2 |
| ELON/ADDICT POSESSION OF A FIREARM, PC12021A1 | | | | | | | | | |

| DATE OF VIOLATION | VIOLATION | ACTION | ACTION CODE | ACTION TAKEN BY |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| CDC NUMBER | PAROLEE'S NAME (LAST, FIRST, MI) | | UNIT |
|---|---|---|---|
| | | | San Francisco Unit #4 |

.one

| | | INITIAL PAROLE DATE | LAST REV REL DATE (RRD) |
|---|---|---|---|
| SPECIAL CONDITIONS OF PAROLE | | 11/21/06 | na |

Participate in Anti Narcotics Testing
Not to associate with gang members
Stay away from the Sunnydale Housing Projects

## RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4813 Mission #101 San Francisco, CA | grandmother, | stable |

## MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR - TO | POSITION HELD |
|---|---|---|---|
| unknown | | | |

EVALUATION - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

PROPOSITION 36 ELIGIBLE                    NON PRIORITY
Subject is a 20 year old, first termer, committed to CDC, for possession of a TEC 9, submachine gun. His criminal career consists of arrests for Attempted Robbery and Spousal Battery, along with the machine gun conviction for his commitment offense.

Up until this offense, he was cooperative and polite. He was in the process of registering for City College, at which time he would have received a grant from the state.

The only other incident of concern, involved a case where Subject got shot while he was visiting in the Sunnydale Projects. This occurred on 04/28/07, and he was hit by two (2) bullets. Officer Noble, of the San Francisco Gang Task Force, describes Subject as a gang "hanger-on". In other words, he is not a fully validated member of any of the Sunnydale gangs, but he is affiliated with them.

This current offense is extremely serious, as the physical evidence places Subject at the time and place of the shooting. It is not known if he actually fired the gun, or just witnessed this, because the victim refuses to identify the shooter. It is also serious, because the physical evidence proves that Subject lied to the police, repeatedly.
  I recommend the maximum Return to Custody.

- [ ] Cancel
- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings.
- [ ] Other _____

- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

PAROLE AGENT'S SIGNATURE     *Mike Mitchell*
Mike Mitchell  PA I

DATE  8/14/07

| BPT | UNIT SUPERVISOR'S DECISIONS | NAEA |
|---|---|---|

- [ ] Reinstate on Parole as of _____
- [ ] Cancel Want -- Remove Warrant from File
- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold as of _____
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings
- [ ] Other _____

- [ ] Note to Hearing Agent: History of major psychiatric disorder should be considered in attorney determination.
- [ ] Note to Classification Staff Representative: May be psychotic. Requires evaluation for category program.

- [ ] Continue outpatient or civil addict parole status
- [ ] Dismiss
- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

COMMENTS

*Very Serious Violations! Refer to BPH!*

SUPERVISOR'S SIGNATURE     Troy. Lopez  PA III  US

DATE  8-13-07

DATE PAROLEE COPY PROVIDED _____   [ ] MAILED   [ ] DELIVERED     BY (SIGNATURE)

RRD:          na

COMMITMENT OFFENSE: PC 12021.a.1  Possession of Firearm/Ex-Felon
                    HIGH CONTROL/EMERGENCY REQUEST

On 07/21/07, Subject was involved in a shooting incident in Antioch. He was arrested by Parole on 08/03/07. The BPH report demonstrated that Subject was in the back bedroom of the house, where the shooting occurred. The Subject admitted to being in this room. The victim's blood was found in this room, along with the kitchen and garage. When the police arrived, they found Subject in the process of cleaning up the blood with a mop and bucket. Again, Subject admitted to trying to clean up the blood. The officers conducted a "permissive search" of the house. In the same back bedroom where Subject admitted to being, they recovered a loaded .38 caliber pistol, with 3 spent rounds and 3 live rounds in the cylinder. They also recovered .223 caliber ammunition and a .223 magazine, along with a box of .38 caliber bullets. These items were located in a space below the floor. This space was accessible by a hatch in the room. Next to the hatch was a bag containing Subject's personal items. Throughout the investigation, Subject openly lied to the police, which was proven in the BPH report submitted. Subject was also charged with the use of methamphetamine from a previous Anti Narcotics Test.

On 08/20/07, Commissioner Brady dismissed the gun charges, without a hearing, and ordered Subject released to Prop 36.

I am requesting an emergency repeal of this decision.  Also, the Antioch Police are expecting the results of the fingerprint any day.

---

RECOMMENDATION(S)

1.  Rescind Commissioner Brady's decision on an EMERGENCY BASIS.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| Mitchell/Troy/Lopez PA III | PA I/PAIII | 8/20/7  8/20/07 |

DECISION(S)

1.

2.

3.

---

| PANEL HEARING CASE | | DECISION DATE |
|---|---|---|
| NAME | | |
| NAME | | |
| NAME | | |

| NAME | NUMBER | INSTITUTION OR REGION (UNIT) |
|---|---|---|
| Martin. Dean | F49697 | REG II; SF 4  Agt M. Mitchell |

Print Name: A. MANALO PA I    Sign Name: [signature]    Date: 8-27-10

**Identified Disabilities**

☐ Mental Health Concerns (Circle One)  CCCMS  EOP  MHCB  DMH  128C dated:_____

☐ Developmental Disability (Circle One)  DD1  D1A  DD2  DD3  128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845 ) Dated _____

    Mobility (DPW / DPO / DPM / DNM) Vision: (DPV/DNV) Hearing: (DPH / DNH) Speech: (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on_____ dated: _____

☐ Learning Disability documented on_____ dated: _____

☒ NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.

**Other Potential Assistance Needs:**

☒ Reading Level  N/A   Total GPL  N/A   (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks):

**II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION**

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney.
If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPT or CDC must provide you with help to read the forms and papers. If you need special transportation, the BPT or CDC must provide it for you.

Check all that apply:

☐ I need help reading my documents.
☐ I need help understanding the procedures and forms.
☐ I need a sign language interpreter.
☐ I need a wheelchair and I ☐ do have one. ☐ do not have one.
☐ I do not speak English and need an interpreter in _____ (language)
☐ Other_____

☐ I need the following help to hear _____
☐ I need the following help to see _____
☐ I need to communicate in writing.

☒ **I do not need any help for my parole hearing.**

X [signature] Martin    CDC # F49697    X 8-28-07 Date Signed
Inmate/Parolee Signature

**III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)**

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☒ Appears to understand        ☐ Appears to have difficulty understanding

☐ Effective Communication Method Used: (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

Additional Comments: COURT WALKOVER, HIGH SCHOOL DIPLOMA 's' READ ALOUD WITHOUT DIFFICULTY

A. MANALO PL I    [signature]    8-28-07
Staff Name and Title (please print)    Staff Signature    Date

**IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases)**

Accommodation(s)/Assistance to be provided at hearing(s): _____

_____    _____    _____
Staff Name and Title (please print)    Staff Signature    Date

If the charges are referred to the Board, your rights under these forms include:

- You have a right to written notice of claimed violations of parole (CDC Form 1502b).
- You have a right to all evidence that will be used against you.
- You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
- You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
- Effective July 1, 2005, you have the right to a probable cause hearing with your attorney and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
- If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
- You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
- You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
- You have a right to a neutral and detached hearing officer.
- You have a right to have your revocation hearing within 50 miles of the alleged violation.
- You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
- You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.

☑ BPT Form 1073, Notification of Americans with Disabilities Act completed today
☑ CDC Form 1502(b), Charge Report
☑ BPT Form 1100, Notice of Rights and Acknowledgement
☑ Blank Form BPT 1100(b), Request for Witnesses
☐ Other:_____

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| Gloria Martin | F49697 | 8-28-07 |
|---|---|---|
| Signature of Parolee | CDC Number | Date |

| X Martin | A Barber, PA | 8.23.7 |
|---|---|---|
| Signature of Staff Completing the Actual Notice | Print First Initial, Last Name | Date |

Defendant:

AKA:

CII#: A22115567

Booking #: 606867

[ ] Not Present

Commitment to State Prison
Abstract of Judgment

[ ] Amended
Abstract

GORDON PARK-LI, Clerk

BY: _____

| Deputy Clerk

| Date of Hearing 11/21/2006 | Dept No. M12 | Judge DONNA A LITTLE |
|---|---|---|
| Clerk PATRICIA KELLER | Reporter ANTHONY VAUGHN#6185 | Probation No or Probation Officer 606867 |
| Counsel for People | | Counsel for Defendant JULIANA DROUS    [ ] Apptd |

1  Defendant was convicted of the commision of the following felony:

| CNT | CODE | SECTION NUMBER | CRIME | Year Crime Cmmt'd | Date of Conviction (MO/DAY/YEAR) | Convicted By | | | Term (L,M,U) | Time Imposed | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Jury | Court | Plea | | Yrs | Mos |
| 001 | PC | 12021A1 | FELON/ADDICT POSSESS FIREARM | 2006 | 6/8/2006 | | | X | L | 1 | 4 |

2  ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements under PC 1385.

| | | | | | | | | | | | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Yrs. | Mos |
| | | | | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" stayed. DO NOT LIST enhancements stricken under PC 1385.

| | | | | | | | | | | | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Y/S | CNT | ENHANCEMENTS | Yrs. | Mos |
| | | | | | | | | | | | | |

4.  [ ] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two strikes)

5.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

   a. RESTITUTION FINE of: $ 200 _____ per PC 1202.4(b) forthwith per PC 2085.5.

   b. RESTITUTION FINE of: $ 200 _____ per PC 1202.45 suspended unless parole is revoked.

   c. RESTITUTION FINE of: $ _____ per PC 1202.4(f) to [ ] victim(s)* [ ] Restitution Fund

   (*List victim(s) if known and amount breakdown in item 7, below.)

   (1) [ ] Amount to be determined.  (2) [ ] Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F).

   d. [ ] LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).

   e. [ ] DRUG PROGRAM FEE of $150 per H&SC 11372.5(a).   f. [ ] FINE of: $ _____ per PC 1202.5.

6.  TESTING: [ ] AIDS  [ ] DNA pursuant to [ ] PC 1202.1 [ ] PC 290.2 [ ] other (specify):

7.  Other orders (specify):

| | TOTAL | |
|---|---|---|
| | Yrs | Mos |

8.  TOTAL TIME IMPOSED:                                                                  1    4

9.  [ ] This sentence is to run concurrent with (specify):

10. Execution of sentence imposed

   a. [X] at initial sentencing hearing.          d. [ ] at resentencing per recall of commitment. (PC 1170(d) )

   b. [ ] at resentencing per decision appeal.    e. [ ] other (specify):

   c. [ ] after revocation of probation.

11 | Date Sentence Pronounced 11/21/2006 | Credit for Time Spent In Custody Including: | Total Days: 487 | Actual Local Time 325 | Local Conduct Credits 162 | 4019  2933.1 | Served Time In State Institution [ ] DMH  [ ] CDC  [ ] CRC |

12. The defendant is remanded to the custody of the sheriff [X] forthwith [ ] after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to [X] the reception center designated by the director of the California Department of Corrections.
   [ ] other (specify):

CLERK OF THE COURT:   I hereby certify the foregoing to be a correct abstract of the judgement made in this action.

| Deputy's Signature  Patricia Bill | Date 11-21-06 |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used, but must be referred in this document.

Form Adopted by the

ABSTRACT OF JUDGMENT - PRISON COMMITMENT - DETERMINATE

Penal Code

THE ANNEXED INSTRUMENT IS CORRECT COPY OF THE ORIGIN ON FILE IN MY OFFICE. ATTEST: CERTIFIED

NOV 2 1 2006

GORDON PARK-LI, Clerk
Superior Court of the City & County of San Franci
BY: _____
DEPUTY CLERK

Phone: (415) 558-1639 ~ Fax: (415) 558-1798
E-mail: skgeneson@yahoo.com

# LETTER BRIEF REQUESTING DISMISSAL FOR DUE PROCESS, AND *VALDIVIA* VIOLATIONS.

Date: 9/12/07
Re: Dean Martin, CDC # F49697.
*Morrissey* Hearing: 9/18/07
Submitted Via Fax to San Quentin D.R.U.
    455-5003
C/C: Mr. Martin, CALPAP.

FOR ASSIGNED DC REVIEW.

    This case must be dismissed for 3 reasons.  1.)  Deputy Commissioner Brady properly determined at the probable cause hearing on August 20, 2007 that NO PROBABLE CAUSE EXISTED TO SUPPORT CHARGES 1 & 2.  2.)  These charges cannot and should not be resurrected.  3.)  The hearing on September 18, 2007 will violate the parolee's rights to a timely hearing under *Valdivia* and under the due process clauses of the State and Federal constitutions. This case must therefore be dismissed and/or the parolee must be referred to proposition 36.

## PROCEDURAL AND FACTUAL BACKGROUND

    According to the crime reports a victim of a shooting and the victim's sister gave, in the officer's opinion, conflicting versions of how the shooting occurred.  Officer's went to the Victim and his sister's Contra Costa residence.  At the house, officers found the parolee, a guest and family friend.  The parolee has a stable residence in San Francisco.  The parolee, according to the police, gave an evasive version of what he knew about the shooting.  The parolee had admitted to starting to clean up some blood.  The parolee also admitted to playing video games. In the room with the video games police found a gun and ammo secreted away.  This contraband was located in a closed floor hatch in a closet.  The parolee denied knowing that it was there. Prior to this incident the parolee submitted a dirty test.

    A parole hold was lodged on 8/3/07 and the parolee was charged with Access to a Firearm (037); Access to Ammunition (043); and Meth Use (778).  At the probable cause hearing on August 20, 2007 Deputy Commissioner Brady determined that there was no probable cause for charges 1 & 2 and dismissed them.  Mr. Martin was given proposition 36 on charge 3 and the hold was ordered lifted.

    This was not done.  Instead, an ACDC reviewed Deputy Commissioner Brady's decision, and apparently disagreed for unknown reasons.  The hold was not lifted; the dismissed charges were apparently re-instated and the matter was ordered to be set for revocation hearing.  The

Access charges require, at a minimum, knowledge of the contraband's presence. Here, the circumstances do not show any probable cause that Mr. Martin knew about the contraband. Even if Mr. Martin was evasive about the shooting, there simply was no evidence that he knew about the gun or the ammunition. A guest in a home cannot, absent some indication, be assumed to know about the contents of a hidden compartment in the closet. Deputy Commissioner Brady therefore properly dismissed these charges.

## II.    THESE CHARGES CANNOT AND SHOULD NOT BE RESURRECTED.

The parolee is aware of no authority to permit the ACDC to resurrect charges duly and lawfully dismissed at a probable cause hearing. Parolee contends that there is no such authority and it is unlawful and violates due process. Res judicata means that a prior judgment is a bar in a new action on the same cause of action. Collateral estoppel means that issues litigated in a former action control in the new action. (*People v. Gephart* (1979) 93 Cal.App.3d 989.) These doctrines are embodied in the 5th Amendment guarantees against double jeopardy and there application is independent of the concept of double jeopardy. Here, the doctrines of collateral estoppel and res judicata bar the resurrection of these charges after they have been duly and lawfully dismissed.

Furthermore, even if the ACDC does have the authority to review DC decisions for mistakes of law and fact, here, there was no mistake of law or fact. Deputy Commissioner Brady was fully appraised of the case, weighed the evidence, and determined that there was no probable cause. While the ACDC may not agree with this decision, there was no mistake of law or fact. In this circumstance, the ACDC should not have disturbed Mr. Brady's decision.

## III.    LATE *MORRISSEY* HEARING VIOLATED THE 35 DAY RULE IN VALDIVIA AND DUE PROCESS.

Paragraph 23 of the Stipulated Order for Injunctive Relief in *Valdivia v. Schwarzenegger* states: "**Final revocation hearings** *shall* **occur within 35 calendar days of the parole hold.**" (Bold/Italics added.) California Appellate Courts acknowledge that *Valdivia* controls in cases involving California parolees. (*In re Miller* (2006) 145 Cal.App.4th 1228.) The *Valdivia* time-constraint is simply a codification of a due process right, pertaining to the deprivation of liberty, afforded to individuals under the United States and California Constitutions. (U.S. Const., Amend. V, XIV; Cal. Const., Art. I, sec. 15) Undue delay violates due process. (See *Jones v. Superior Court* (1970) 3 Cal.3d 734.) It has recently been decided that *Valdivia* means what it says. "The process due petitioner under the terms of *Valdivia* was a revocation hearing with due process protections within 35 days of the parole hold." (*In re Marquez* (2007) _____ Cal.App.4th _____ ; Sixth District Court of Appeal No. H029580; 2007 WL 1976358 (Cal. App. 6 Dist.); 2007 Cal.App. LEXIS 1139, p. 8.)

The language in *Valdivia* is *mandatory*, clear and unambiguous. Although there is not a

the Board within 35 days of a notice custody hearing must be rescheduled per this Board
policy. (See BPT Memorandum Dated 12/23/04 re: Hearing Directive 01/10.)

Here, the hold has not been lifted and the parolee will have been in continuous custody on
the parole hold for 46 days without having a *Morrissey* hearing. This is a clear violation of
*Valdivia* and of Mr. Martin's due process rights. The ACDC's decision to set this matter for
revocation hearing did not amount to good cause for delay and the matter should have still been
heard within 35 days.

## CONCLUSION

This matter must be dismissed and/or Mr. Martin must be released per Prop. 36.

Respectfully Submitted,

_____

Silas KC Geneson.

Case 4:08-cv-02280 Bryan Document 4 ~ Sam Filed 05/09/2008    Page 55 of 57
Phone: (415) 558-1639 ~ Fax: (415) 558-1798
E-mail: skgeneson@yahoo.com

# MEMORANDUM TO CALPAP/FILE/ACDC REVIEW.

Date: 9/20/07
Re: Dean Martin, CDC # F49697.
*Morrissey* Hearing: 9/18/07
To: MICHAEL ROLDAN: CALPAP.
     VIA E-MAIL
C/C DEAN MARTIN.

## PLEASE FORWARD THIS MEMO TO THE APPROPRIATE ACDC FOR REVIEW.

### SUMMARY

Prior to the 9/18/07 hearing counsel submitted a memorandum dated 9/12/07. requesting dismissal/re-referral to proposition 36. That memo argued that this case must be dismissed for 3 reasons. 1.) Deputy Commissioner Brady properly determined at the probable cause hearing on August 20, 2007 that NO PROBABLE CAUSE EXISTED TO SUPPORT CHARGES 1 & 2. 2.) These charges cannot and should not be resurrected. 3.) The hearing on September 18, 2007 will violate the parolee's rights to a timely hearing under *Valdivia* and under the due process clauses of the State and Federal constitutions. That memorandum is attached and the argument is contained there-in. The argument and statement of facts there-in is re-iterated except as amended below. Deputy Commissioner Herron has found good cause and sentenced Mr. Martin to 12 flat months. Review and recission is requested.

### FURTHER STATEMENT OF PROCEDURE

Counsel was mistaken in the prior brief when I indicated that the hold had never been lifted. Having had the opportunity now to review the BPH file and having had further conversation with my client, Mr. Martin the hold was in fact lifted after no probable cause was found on 8/20/07. Mr. Martin was actually released from San Quentin on 8/23/07. On that same date the parole agent submitted a request for Miscellaneous decision to rescind DC Brady's finding of no probable cause. That action was taken and Mr. Martin was arrested in his San Francisco home on 8/25/7. Mr. Martin then was in custody (albeit interupted) for a total of 43 days without having a *Morrissey* hearing.

The grounds that the parole agent set forth in support of the request to rescind Mr. Brady's finding of no probable cause was that the shooting occurred in the house and that the fingerprint test should be completed very soon.

denied.

The evidence at the Morrissey hearing, in essence, as follows. The only officer who testified was Deputy Ward. Deputy Ward said that at the Contra Costa Residence of Ms. Burns (the sister of a shooting victim) he found a gun and ammunition under the floor in the closet. There was a carpeted hatch that was noticeable only because it was raised slightly above the surrounding carpet. Under this closed hatch was where the contraband was discovered. Mr. Martin, a guest in the home and a family friend, admitted being in the room playing video games earlier. A blood trail appeared to lead to that closet from the front door and then from that closet to the garage. Mr. Martin admitted cleaning up some of the blood in the kitchen at Ms. Burns request, but denied knowing about the contraband. He denied being in the room when the shooting victim came home.

The parole agent indicated that there were no GSR test results. The parole agent also indicated that the only fingerprint that yielded a result was one fingerprint on a box of ammunition. It belonged to Ragland – the victim of the shooting – not Mr. Martin. The prison would not allow the detective in to testify because he was wearing jeans. In the parole agent's own words, on the record, this case was "snake-bit."

LESS EVIDENCE WAS PRESENTED AGAINST MR. MARTIN AT THE HEARING, AND THE NEW EVIDENCE WAS EXCULPATORY. Nonetheless Deputy Commissioner Herron found good cause and sentenced Mr. Martin to 12 flat monthes (over the recommended guidelines despite Mr. Martin being violation free since his release in 06). STRONGER EVIDENCE RESULTED IN A LACK OF PROBABLE CAUSE FINDING. The parole agent's grounds for asking the ACDC to rescind Deputy Commissioner Brady's decision were untrue and/or exculpatory. The shooting did not occur in the house. That fact was clear from a cursory reading of the reports. At the hearing it was made even more clear. Ward opined that the shooting victim entered the front door while bleeding. The fingerprints that were available did not implicate Mr. Martin. Rather, they implicated Ragland, the shooting Victim.

## CONCLUSION

There was not probable cause in this case much less good cause. The parole agent has already had more than enough chances to prove up this case. It was and is a "snake bit case." I therefore respectfully request that Deputy Commissioner Herron's ruling must be reviewed and rescinded. Thank your for your consideration.

Respectfully Submitted,

_____

Silas KC Geneson.

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1



In re DEAN MARTIN on Habeas Corpus.

A120452
Marin County No. 155893

FILED
COURT OF APPEAL FIRST APPELLATE DISTRICT

FEB 05 2008

DIANA HERBERT, CLERK

BY _____ DEPUTY CLERK

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Acting Presiding Justice Stein, Justice Swager and Justice Margulies

**STEIN, J.**

Date: FEB - 5 2008

_____ _____ Acting P.J.

orcc1a



Dean Martin F49697
San Quentin State Prison 4-14-1?-UP
San Quentin, CA. 94974

Clerk of the United States District
Court of the Northern District of California
450 Golden Gate Avenue,
PO Box 36060
San Francisco, CA 94102

RECEIVED
MAY 9 2008

$ 04.60⁰