IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEAN MARTIN,

        Petitioner,

   v.

ROBERT L. AYERS, JR., Warden,

        Respondent.
                                      /

No. C 08-2280 CW (PR)

ORDER DISMISSING HABEAS PETITION AS MOOT

On May 9, 2008, Petitioner filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserted the revocation of his parole violated federal law; he sought release from custody.

On August 24, 2008, while this action was pending, Petitioner was released from San Quentin State Prison.

For the reasons set forth below, the Court finds the petition is moot and DISMISSES the instant petition.

DISCUSSION

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).

An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed

by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot. Id.

Courts may presume that a criminal conviction has continuing collateral consequences. See id. at 8-12 (noting that Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions). This presumption does not extend to parole revocations, however. See id. at 12-13. Rather, if the term imposed for violating parole has been served, a petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences. See Spencer, 523 U.S. at 14-16.

Here, Petitioner was serving the parole revocation term at issue when he filed the present petition in May, 2008; he completed serving that term, however, in August, 2008. Accordingly, unless Petitioner shows that he is suffering from continuing collateral consequences of the now-expired parole revocation term, the challenge to the validity of his parole revocation hearing must be

2

dismissed as moot.  See Cox, 829 F.2d at 803.  No continuing collateral consequences appear.  Accordingly, the petition is dismissed as moot.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED as moot.  The Clerk of the Court shall enter judgment for Respondent, terminate all pending motions, and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated:  10/7/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEAN MARTIN,

        Plaintiff,

  v.

AYERS, et al,

        Defendant.

Case Number: CV08-02280 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dean Martin  F49697
4813 Mission #101
San Francisco, CA 94112

Dated: October 7, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.08\Martin2280.dismissMOOT.wpd    4